IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN T. MITCHELL, JR.                                                                                  PLAINTIFF

v.                                    Civil No. 07-5137

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Mitchell, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff protectively filed his applications for DIB and SSI on May 17, 2004, alleging an onset date of January 1, 2001, due chronic fatigue syndrome ("CFS"), depression, panic attacks, asthma, diabetes mellitus, and headaches.  (Tr. 62, 83-90, 130).  Following denial of plaintiff's claims initially and on reconsideration, an administrative hearing was held on July 12, 2006.  (Tr. 189-232).  Plaintiff was present and represented by counsel.

At this time, plaintiff was 29 years of age and possessed a high school education.  (Tr. 62, 193).  He has past relevant work ("PRW") as a landscaper (groundskeeper), exterminator's helper, and book salesman.  (Tr. 15, 194-205).

On October 25, 2006, the ALJ found that plaintiff had a combination of severe impairments, but he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 25). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and/or carry up to 10 to 20 pounds occasionally and 5 pounds frequently; sit for 6 hours in an 8-hour workday, and stand and/or walk for 2 hours during an 8-hour workday. However, the ALJ concluded that plaintiff would need a sit/stand option; could not climb scaffolds, ladders, or ropes; could not work near dangerous equipment or machines; and, should perform jobs that are non-complex and involve simple instructions, direct and concrete supervision, little judgment, and routine tasks. With the assistance of a vocational expert, the ALJ then concluded that plaintiff could perform the requirements of the positions of assembly worker and machine tender. (Tr. 25).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 7, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 7).

**Standard of Review**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

**Applicable Law**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's failure properly consider the physical assessments of plaintiff's treating doctor. The SSA regulations set forth the method by which the ALJ is to weigh medical opinions. The regulations provide that "unless [the ALJ] give[s] a treating source's opinion controlling weight . . . [the ALJ] consider[s] all of the

following factors in deciding the weight [to] give to any medical opinion": (1) examining relationship, (2) treating relationship; (3) supportability of the opinion; (4) consistency; (5) specialization; and (6) "any factors [the applicant] or others bring[s] to [the ALJ's] attention." 20 C.F.R. § 404.1527(d). If the ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [the applicant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record, [the ALJ] will give it controlling weight." *Id*. at § 404.1527(d)(2) (emphasis added).

When a consultative examiner disputes a treating physician's opinion, the ALJ must resolve the conflict between the opinions. *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007). In such a situation, a treating physician's assessment can be given less weight. However, "[a]s a general matter, the report of a consulting physician who examined a claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Cantrell v. Apfel* 231 F.3d 1104, 1107 (8th Cir. 2000) (internal quotations and citations omitted).

The medical evidence in the record reveals that plaintiff has been diagnosed with both CFS and hypothyroidism. CFS is a disorder characterized by extreme and chronic fatigue that is not relieved with bed rest and is made worse by physical or mental activity. *See* Mayo Clinic, *Chronic Fatigue Syndrome*, www.mayoclinic.com. The condition of CFS presents a particularly difficult fact pattern because it cannot be diagnosed by a simple "dipstick test" and therefore is addressed on a case-by-case, symptomatic basis rather than by objective laboratory procedures. *Sisco v. United States Dept. of Health and Human Servs*., 10 F.3d 739, 743-45 (10th Cir.1993);

Secretary's Program Operations Manual System ("POMS") § DI 24575.005 (1993) (establishing policy for CFS claims and stating that "there are no generally accepted criteria for the diagnosis" of CFS and accordingly "[i]ndividual cases must be adjudicated on the basis of the totality of evidence"). Thus, when evaluating a claim of CFS, lack of objective medical evidence has less significance and may be seen as normal rather than aberrational. *Sisco*, 10 F.3d 739 at 745 (noting that it is not unusual for a CFS patient to have "an extended history of 'nothing-wrong' diagnoses"). Because of its nature, when CFS is implicated in a disability claim it is particularly important for the ALJ to consider the full spectrum of evidence in weighing the credibility of the claimant's subjective testimony of symptoms. *Vogt v. Chater*, 958 F.Supp. 537, 544-45 (D. Kan.1997) (examining medical characteristics of and difficulties with CFS and attendant evaluative implications for claim adjudication).

After examining plaintiff on approximately 9 occasions, Dr. McGowan completed two treating physician assessments. On May 8, 2006, Dr. McGowan completed a Chronic Fatigue Syndrome Residual Functional Capacity Questionnaire. He noted that plaintiff suffered from hypothyroidism in addition to CFS. (Tr. 160). Dr. McGowan opined that plaintiff's prognosis was fair to poor and identified his symptoms as "impairment in short-term memory or concentration, muscle pain, headaches of a new type, pattern or severity, unrefreshing sleep and post-exertional malaise lasting more than twenty-four hours." (Tr. 160, 161). Dr. McGowan reported that plaintiff's fatigue frequently interfered with his attention and concentration and opined that he was incapable of even "low stress" jobs. (Tr. 162). He explained that plaintiff was "unable to function regularly in a stress free environment." (Tr. 162). Dr. McGowan estimated that plaintiff would be able to sit, stand or walk for less than two hours; would need

a job with a sit/stand option; would need to take unscheduled breaks; would have significant limitations in doing repetitive reaching, handling or fingering; would experience good days and bad days; would likely miss 3 or more days of work monthly; could occasionally lift and carry up to 20 pounds; and, could bend and twist at the waist a maximum of 10% of the day. (160-164).

On August 16, 2006, Dr. McGowan provided an Attending Physician Statement. (Tr. 166-168). He again stated that plaintiff could occasionally lift up to 20 pounds; stand and/or walk less than 2 hours per day; and, sit less that 6 hours per day. Dr. McGowan also indicated that plaintiff could not operate machinery or heavy equipment. He stated that plaintiff's "fatigue precludes regular prolonged sitting." (Tr. 167).

A review of the medical evidence reveals that plaintiff has consistently complained of fatigue, brain fog, headaches, and insomnia. (Tr. 131, 135, 137, 142, 144, 147, 152-158, 170, 172, 173, 174). He has also been consistently diagnosed with CFS and hypothyroidism. (Tr. 147, 170, 171, 172, 174 ). In spite of this evidence, however, the ALJ chose to rely on the assessment of Dr. Magness, a consultative examiner who examined plaintiff on only one occasion. After one examination of the plaintiff, Dr. Magness concluded that plaintiff had only mild to moderate limitations with regard to walking, lifting, and carrying. *See Cantrell*, 231 F.3d at 1107. Dr. Magness conducted no independent tests. Clearly, this one time evaluation can not constitute substantial evidence upon which to base the ALJ's decision.

While we note that plaintiff was prescribed Synthroid to treat his thyroid condition, the record also shows that plaintiff stopped taking this medication due to its side effects and ineffectiveness. However, this evidence does not undermine plaintiff's allegation of disability.

Failure to follow a prescribed course of treatment can be excused if such failure is because the medication is ineffective in treating the impairment. *See Brosnahan v. Barnhart,* 336 F.3d 671, 677 (8th Cir. 2003) (when medications are ineffective, failure to take them does not discredit claimant). Similarly, we can find no evidence concerning plaintiff's reports of activities to weigh against his reports of extreme fatigue and malaise. The ALJ's contention that plaintiff's ability to drive or ride in a car for 3-3.5 hours in order to seek medical treatment is not sufficient to undermine plaintiff's subjective complaints. As CFS can be a debilitating condition that can not be confirmed or denied by a simple blood test, we believe that the case should be remanded to the ALJ for further consideration of the evidence, to include the RFC assessments of Dr. McGowan's

Should the ALJ continue to have questions concerning the effects of plaintiff's failure to take Synthroid, he should address interrogatories to Dr. McGowan asking him to provide his medical opinion as to the impact, if any, it has on plaintiff's CFS and work limitations. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that the ALJ is obligated to develop the record when clarification of a treating physician's report is needed).

**Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of March 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)